UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-4013 JJO

UNITED STATES OF AMERICA

vs.

JAIME ESCOBAR MEZA,
ALEXANDER MESTRA and
KURT DONNOVAN,

    **Defendants.**
_____/

## CRIMINAL COVER SHEET

Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

        Respectfully submitted,

        ARIANA FAJARDO ORSHAN
        UNITED STATES ATTORNEY

BY: _____
    YVONNE RODRIGUEZ-SCHACK
    Assistant United States Attorney
    Florida No. 864696
    99 Northeast 4th Street, Suite 700
    Miami, Florida 33132
    305. 961.9014
    305. 536.7213 Facsimile
    Yvonne.Rodriguez-Schack@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>JAIME ESCOBAR MEZA,<br>ALEXANDER MESTREA and<br>KURT DONNOVAN<br><br>*Defendant(s)* | )<br>)<br>) Case No. 19-4013 JJO<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about __December 2, 2019__, upon the high seas outside the jurisdiction any particular state or district, in international waters, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1); all in violation of 46 U.S.C. § 70506(b).<br><br>Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(B), it is further alleged that this violation involved five (5) or more kilograms of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

HSI DANIEL PEREZ
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 12/16/2019

_____
*Judge's signature*

City and state: Miami, Florida

John O'Sullivan, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Daniel Perez, being duly sworn, hereby depose and state the following:

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations (HSI), and have been so employed since February 2006. I am presently assigned to the Office of the Special Agent in Charge Miami, Florida, where I am responsible for conducting narcotics smuggling investigations involving the use of marine vessels. As a Special Agent with HSI, I have participated in numerous narcotics investigations involving physical and electronic surveillance, the control and administration of confidential sources, the importation of narcotics, and domestic drug organizations. I have participated in the arrest and subsequent prosecution of numerous drug traffickers. I also have spoken on numerous occasions with informants, suspects, and experienced narcotics investigators concerning the manner, means, methods and practices that drug traffickers use to further their drug trafficking organizations operations and the most effective methods of investigating and dismantling drug trafficking organizations.

2. As a law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, I am empowered by law to conduct investigations of and make arrests for, but not limited to, offenses enumerated in Titles 18, 19, 21, 31 and 46 of the United States Code.

3. The information contained in this Affidavit is submitted for the sole purpose of establishing probable cause to arrest Jaime ESCOBAR MEZA, Alexander MESTRA and Kurt DONNOVAN for violating Title 46, United State Code, Sections 70503(a)(1) and

70506(b), that is, each did knowingly and willfully conspire to possess with intent to distribute five (5) kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States. As such, this Affidavit does not contain the details of every aspect of this investigation. Furthermore, this Affidavit is based on my personal knowledge, as well as, information obtained from other law enforcement personnel.

4. On or about December 2, 2019, while on patrol in the Caribbean Sea, the Her Netherlands' Majesty's Ship *GRONINGEN*, with a United States Coast Guard (USCG) Law Enforcement Detachment Enforcement Team (LEDET) onboard, located a go-fast vessel (GFV) with three persons onboard approximately sixty nautical miles northwest of Aruba, in international waters and upon the high seas. At the time it was initially observed, the GFV was traveling in a northerly direction at a speed of approximately twenty-one knots.

5. In an effort to further identify the GFV, the *GRONINGEN* launched their helicopter and LEDET in a small boat. Upon detection, the GFV altered its course to due south and picked up speed to twenty-seven knots. A Statement of No Objection was authorized for a Right of Visit boarding. The helicopter employed warning shots which caused the GFV to become compliant. The three individuals onboard were later identified as Jaime ESCOBAR MEZA, Alexander MESTRA and Kurt DONNOVAN, all Colombian nationals. The GFV's master claimed Colombian nationality for the crew and the vessel. Based on this information, the Government of Colombia was contacted and advised they could neither confirm nor deny nationality for the GFV. Based on the Government of Colombia's response, the vessel was treated as one without nationality

and therefore, subject to the jurisdiction of the United States. The LEDET boarding team was granted permission to conduct a full law enforcement boarding.

6.  The boarding team detained the crew and searched the vessel. The boarding team located five cargo spaces in the forward portion of the vessel. Upon search of the cargo spaces, two fuel drums and multiple packages consistent with narcotics were discovered. The boarding team discovered a total ten large bales containing approximately forty packages per bale, twenty smaller bales containing approximately thirty packages per bale and one hundred loose kilogram sized packages weighing approximately 1,420 kilograms. The substance contained in one of the bales was tested and yielded a positive result for cocaine.

7.  All three individuals along with the cocaine seized were subsequently transferred to the *GRONINGEN* and the GFV was sunk as a hazard to navigation.

8.  On December 15, 2019, the USCG transferred custody of Jaime ESCOBAR MEZA, Alexander MESTRA and Kurt DONNOVAN to United States law enforcement officers in Miami, Florida where they first entered the United States.

10. Based on the foregoing facts, I submit that probable cause exits to believe that, while on board a vessel subject to jurisdiction of the United States, Jaime ESCOBAR MEZA, Alexander MESTRA and Kurt DONNOVAN did knowingly and willfully conspire to possess with the intent to distribute a controlled substance, that is, five (5) kilograms or more of cocaine, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

FURTHER AFFIANY SAYETH NAUGHT

_____
DANIEL PEREZ, SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Sworn to and subscribed before me this 16th day of December 2019.

_____
JOHN O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE